# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **J.R. and S.R.**

**No. 16-1100** (Calhoun County 16-JA-10 and 16-JA-12)

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.R.-1, by counsel Ryan M. Ruth, appeals the Circuit Court of Calhoun County's October 20, 2016, order terminating his parental rights to ten-year-old J.R. and four-year-old S.R.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he used illegal drugs which affected his ability to properly care for his children and that he left unsecured guns throughout the house in the reach of the children. Additionally, petitioner was the subject of a prior abuse and neglect proceeding for using illegal drugs.[2] Thereafter, the circuit court held a series of adjudicatory hearings during which it heard testimony from petitioner and his Child Protective Services ("CPS") worker. Petitioner admitted

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). The Court notes that the proceedings below concerned an additional child. However, petitioner raises no assignment of error in regard to this child on appeal. Accordingly, our holding in this Memorandum Decision does not concern the circuit court's rulings regarding that child. Because petitioner and one child have the same initials, we have distinguished them by using numbers 1 and 2 after their initials in this Memorandum Decision.

[2]Petitioner regained custody of his children after successfully completing an improvement period in the prior proceedings.

1

that he used marijuana for "medical" purposes and that he was an interested party in a prior abuse and neglect proceeding that involved the use of illegal drugs. According to the CPS worker, petitioner's drug use had gotten worse since the prior proceeding and now included the use of methamphetamine. The worker also testified that petitioner was hallucinating and accused the West Virginia State Police of selling illegal drugs - "ice" - from their vehicles. Based upon the testimony, the circuit court found that petitioner used illegal drugs - which caused hallucinations - while the children were in his care. Accordingly, the circuit court adjudicated petitioner as an abusive and neglectful parent.

In July of 2016, the circuit court held a dispositional hearing during which it heard testimony that, while petitioner successfully completed an improvement period in his prior abuse and neglect proceeding, he continued to use illegal drugs, including marijuana and methamphetamine. A CPS worker also testified that petitioner tested positive for methamphetamine, amphetamine, and marijuana. According to the worker, petitioner also failed to complete a psychological evaluation. Based upon these findings, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected and that termination was in the children's best interests. As such, the circuit court terminated petitioner's parental rights by order entered on October 20, 2016.[3] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support of his argument, petitioner asserts that he established that he was likely to fully participate in an improvement period as evidenced by the fact that he successfully completed an improvement period in a prior abuse and neglect proceeding. Upon our review,

---

[3]The parental rights of all parents to the children were terminated below. According to the guardian, as of the filing of his response brief, the permanency plan for the children is adoption by their foster family.

however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. Regarding whether an improvement period should be granted, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate his ability to fully participate in an improvement period. Petitioner has a history of illegal drug use as evidenced by the prior abuse and neglect proceeding, which also involved illegal drug use. The circuit court was presented with evidence that despite successfully completing an improvement period in the prior proceeding, petitioner continued to use marijuana. Furthermore, the CPS worker testified that, in addition, petitioner tested positive for amphetamine and methamphetamine. Finally, the circuit court heard testimony that petitioner failed to participate in multiple drug screens and failed to undergo a psychological evaluation. As such, it is clear that petitioner failed to establish that he was likely to fully participate in a post-adjudicatory improvement period and thus, we find no error in the circuit court denial of petitioner's motion.

For the foregoing reasons, we hereby affirm the circuit court's October 20, 2016, order.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker